No. 83-247

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

CHESTER FIELD,

        Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morales, Volinkaty & Harr; Richard Volinkaty,
        Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Robert L. Deschamps, County Attorney, Missoula,
        Montana; Karen Townsend, Deputy County Attorney

Submitted on Briefs: Jan. 31, 1985

Decided: April 8, 1985

Filed: APR 8 - 1985

*Ethel M. Harrison*

———————————————————————
Clerk

Mr Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the appellant, Field, from a conviction of felony theft by a jury trial in the Fourth Judicial District, in and for the County of Missoula, State of Montana. This case is in two parts in view of the fact that following the appellant's conviction of a felony, an appeal was taken with new counsel who alleged that the District Court erred in determining that defendant had not been denied a constitutional right to a fair trial and to have effective assistance of counsel at the trial stage. This Court in an order dated November 14, 1983, remanded the cause to the District Court for a hearing to determine whether the appellant's claim of ineffective assistance of counsel, particularly with regard to his failure to call a witness, Dave Wedell, was a denial of effective assistance of counsel. We directed the trial court to hold an evidentiary hearing on the issue of ineffective assistance of counsel and to enter findings of fact and conclusions of law.

We will first discuss the original conviction which was for a felony theft that occurred either on September 4 or September 5, 1982, when a jackhammer and other construction equipment was stolen from a construction site near Turah Bridge in Missoula County, Montana.

Shortly after this theft was reported and investigated, Detective Tom Woods of the Missoula County Sheriff's Office received information that the appellant had in his possession the items which had been stolen from the construction site and was attempting to sell them. Detective Woods called the appellant and, using an assumed name, said that he understood that the appellant had a jackhammer for sale and that he (Woods) was interested in seeing it. Woods and the appellant

agreed to meet at a convenience store parking lot in Lolo, Montana on September 20, some two weeks after the theft occurred.

Prior to a meeting with the appellant in the parking lot, Detective Woods arranged to have a back-up officer, Officer McMeekin, at the parking lot. At the meeting, the appellant produced the jackhammer, later introduced and identified as the stolen jackhammer and offered to sell the same to Detective Woods. After satisfying himself that the jackhammer met the description of the stolen property, Woods and Officer McMeekin placed the defendant under arrest for felony theft.

During the State's case-in-chief testimony as to the market value of the jackhammer was introduced, and in order to prove felony theft, as required by section 45-6-301(5), MCA, the State was required to establish that the jackhammer was valued in excess of $150. An owner of a rental agency, Mr. Crerar, estimated the value of the jackhammer between $500 and $750.

The defense introduced a witness, Mr. Fuge, who testified to the value of the jackhammer as being $75 if it worked and little more than junk if it did not work. The State on rebuttal introduced evidence from a Mr. Reber as to the value of the jackhammer. He stated that based on his examination, without operating it, the jackhammer had a value of between $250 to $350, but that if it were operational and "sounded good" it would have a value of $500.

With the operating condition of the jackhammer at issue, and with experts from the State and defense differing as to its value, the State moved the court for permission to perform a demonstration in the parking lot of the courthouse with the jackhammer hooked up to an air compressor. This

3

motion was granted to the State and a test was performed which showed that the jackhammer was functional. The appellant argued in rebuttal that the demonstration did not prove a great deal since it was not operated "under a load" such as breaking up concrete. Neither he nor his attorney raised this question at the demonstration where both were present.

The principal issue here is whether the defendant, who testified on his own behalf that he received the jackhammer from a certain Dave Wedell in payment for a debt, was denied a fair trial because Wedell was not called in as a witness. The defendant testified that he did not know that the property was stolen and he further testified as to the whereabouts of Wedell by stating: "I think he is in Mexico."

Attached to the appellant's brief as an exhibit is a purported transcription of an interview between appellant's trial-level attorney and Dave Wedell. This transcript was not a part of the District Court record and was based upon an interview in which the appellant contends that Wedell was a material and exculpatory witness. Appellant further contends that his attorney's failure to call the witness on his behalf constituted ineffective assistance of counsel and a denial of a fair trial.

The first issue is directed to the demonstration of the jackhammer and whether the trial judge exercised appropriate discretion in granting the State's request.

The appellant argues that only after the State's case was in the rebuttal stage to cure what was an apparent weakness in their case up to that point, did the trial court allow the demonstration to be performed? The appellant argues that this was brought about when a juror sent a note to the court requesting a demonstration, and this created an

4

unfair and misleading situation as far as the appellant's preparation to answer the demonstration.

The record does not support that argument. According to the transcript, the State realized that a demonstration would be desirable after a rebuttal witness testified as to the value of the jackhammer if it was operational.

Both sides agree and cite Montana case authority. In State v. Close (Mont. 1981), 623 P.2d 940, 948, 38 St.Rep. 177, 187, citing Brown v. North Am. Mfg. Co. (1978), 176 Mont. 98, 117, 576 P.2d 711, 722, this Court held: "Generally, allowing demonstrative evidence is within the discretion of the trial judge and is subject to review only upon a showing of a manifest abuse of discretion." See also Workman v. McIntyre Construction Co. (Mont. 1980), 617 P.2d 1281, 37 St.Rep. 1637; State v. Blair (1966), 147 Mont. 87, 410 P.2d 450.

The jackhammer demonstration assisted the jury in their deliberation and helped in establishing its value. Testimony from witnesses for the State and the defense led the jury to conclude the jackhammer's worth.

We find there was no prejudice in allowing the demonstration. Both appellant and his attorney were present and appellant's complaint that it did not operate "under a load" is not valid in view of the fact that no objection was made at the time of the demonstration and in fact was first made only in the appellant's brief to this Court. In addition, appellant complained that there were no precautionary instructions concerning this demonstration given to the jury. However, he did not propose any instructions to the court as required by section 46-16-401(4)(a), MCA.

5

The second issue for consideration is the failure to call a witness, Dave Wedell. Appellant claims this failure amounts to attorney incompetence which denied the defendant his right to have witnesses testify on his behalf.

As previously noted, it was this issue which caused this Court to return this case to the District Court for a hearing on the competency of counsel and our discussion on this issue will include the proceedings on remand. As noted in the respondent's first brief to this Court, this allegation, which included attaching a statement made in the defense counsel's office on the part of Wedell, is outside the record of the trial court and is thus not fit for disposition on direct appeal, section 46-20-701, MCA. This Court has previously recognized the impropriety of attempting to supplement the record on appeal. See State v. Hall (Mont. 1983), 662 P.2d 1306, 40 St.Rep. 621.

The appellant refers to Wedell as an exculpatory witness and alleges "[t]his witness corroborated the defendant's testimony and, in fact, exonerated the defendant." Even if we were to include the statement as to how Wedell received the jackhammer, his statement is so inconsistent that it has no evidenciary value. Wedell replied to the questions as to how the appellant came to possess the jackhammers: "No, I dropped them off to Chester Field in December." The facts here indicate that the jackhammers were stolen in early September and the appellant was arrested on September 20th, with one of the jackhammers in his possession. It can be seen from the very statement of Wedell that his delivery of the jackhammers to the appellant in December is hardly exculpatory. In truth, his testimony is completely destructive to the appellant. After counsel's interview of Wedell and considering his statements, it is the

6

opinion of the two attorneys called on the ineffective assistance of counsel hearing, that his statements would have destroyed the defendant. Wedell would not have been helpful to the defendant and defense counsel quite properly exercised his discretionary judgment by not putting Wedell on the stand if he had been available.

In addition, as previously noted, when asked the whereabouts of Wedell, the appellant on direct examination stated he thought he was somewhere in Mexico. The record indicates Wedell at no time wanted to appear and be a part of the defense of the appellant in this case.

This Court gave the appellant the benefit of the doubt by remanding the matter to the District Court for an evidentiary hearing. After the hearing on February 29, 1984, the presiding judge, the Honorable Douglas G. Harkin, entered extensive findings of fact and conclusions of law. Among the conclusions are the following:

> "12. The allegations of ineffectiveness raised by the Defendant in this matter are unsupported by the evidence produced at the evidentiary hearing, or by a review of the record of the trial. Mr. Wedell is a reluctant witness who apparently would have made a negative impression upon the jury even if he could have been found for the trial. The danger of his negative impact being attributed to the Defendant was great. Thus, the decision by Mr. Goldman [original counsel for the defendant] not to pursue his testimony is founded upon cognizable reasons and cannot be said to be a demonstration of ineffective assistance of counsel. In fact, to have called Mr. Wedell under these circumstances would have been at most the presentation of testimony known to be false and thus unethical, and at least, in light of his demeanor and apparent credibility problems, such a risky tactic as to have perhaps been an act of incompetency. Thus, the failure to call him cannot be truly faulted. The decision to permit the Defendant to testify is also founded upon cognizable reasons, and cannot be said to be a

demonstration of ineffectiveness. To
have refused to have permitted him to
testify in light of his expressed wishes
would have truly been 'remiss.'

"13. Defendant's claim of ineffective
assistance of counsel is not supported by
the evidence. Mr. Goldman's actions
relating to the witness Dave Wedell and
the Defendant's testimony at trial were
clearly within the range of competence
demanded of attorneys in criminal cases."

This Court held in State v. Hall, supra, that "An attorney's reputation is his most prized possession." Appellant's counsel might have conducted the trial differently, however, "[t]he fact that some other lawyer . . . would have done differently . . . is no ground for branding the appointed counsel with opprobrium of ineffectiveness. Or infidelity, or incompetency . . . " State v. Lopez (Mont. 1980), 605 P.2d 178, 180-181, 37 St.Rep. 36, 38-39; citing Williams v. Beto (5th Cir. 1965), 354 F.2d 698, 706.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8